## The Jones and Nimick Manufacturing Company *versus* Commonwealth.

1. Dividends are not "net earnings or income," as used in the 2d section of Act of April 30th 1864.

2. A corporation was required to pay a bonus of 2½ per cent on its capital in lieu of tax on dividends; this did not relieve it from tax on net earnings under Act of April 30th 1864.

3. The right to tax is never presumed to be surrendered except by clear words and for what the legislature deems an adequate consideration.   Per PEARSON, P. J.

4. A release of right to tax by charter since the amendment of the Constitution, would not bind a succeeding legislature.   *Id.*

May 16th 1871.   Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Dauphin county :* Of May Term 1871, No. 11.

The accounting officers of the Commonwealth, on the 23d of July 1869, settled an account against The Jones and Nimick Manufacturing Company, for tax on net earnings for the years ending November 1st 1864, 1866 and 1867; the amount found due to the Commonwealth was $685.73.

The Jones and Nimick Manufacturing Company was incorporated by Act of April 1st 1863; by the 4th section of which it is provided that dividends may be declared, and paid, whenever the directors deem it advisable, but said dividends shall in no case exceed the amount of actual net profits acquired by the corporation; "and the said company shall pay into the treasury of the state a bonus of two and a half per centum on the capital stock hereby authorized, or any increase of the same in three equal annual instalments, in lieu of any tax on dividends, the first

whereof shall be paid within one year from the date of the issue of letters patent, herein provided for."

The company paid to the Commonwealth the sum of $2500, being the two and a half per cent. on its capital of $100,000. The company have never declared a dividend. The law under which the tax was imposed is the 2d section of the Act of April 30th 1864 (Pamph. L. 218), which provides, that all companies and corporations (except certain classes specified in the first section of' the same act, to which the appellants do not belong), not paying to the state a tax upon dividends under existing laws, shall report annually to the auditor-general the amount of their net earnings, and pay a tax of three per centum thereon.

The cause was tried May 4th 1870, before Pearson, P. J., when the settlement was given in evidence by the Commonwealth. The defendants showed their charter and the payment of the bonus.

The court charged: " * * * It is said that this (payment of two and a half per cent. bonus) precludes the recovery of tax on the net earnings or income, under the second section of the act of April 30th 1864. [The tax demanded is not on '*dividends*,' but on *net earnings*, one of altogether a different character. Even if the company compounds for the tax on dividends, it did not preclude the state from imposing other taxes on this corporation. It could tax its property, real or personal, its net or gross earnings, its sales or any other taxes deemed proper.] The right to levy and collect taxes is a necessary incident of every government — essential to its very existence, and is never presumed to have been surrendered or abandoned except by clear words, and for what is deemed, at the time, by the law-making power, an adequate consideration. The surrender cannot be extended by implication, and if one tax is expressed it cannot be presumed to extend to others. No power to tax need be reserved; it exists and remains unless expressly yielded. Besides, if the release had been general, and not merely a particular tax, it would not bind a succeeding legislature, as this charter was granted since the amendment of the Constitution, in 1857, which gives full power over such instruments. It was held in the case of The Iron City Bank *v.* The City of Pittsburg, 1 Wright 340, and in the Commonwealth *v.* Fayette Co. Railroad Co., 5 P. F. Smith 452, where the companies had obtained their charters under laws giving no stronger power of revocation than is contained in The Constitution, that the legislature could impose taxes from which they had been specially exempted as a portion of their charter privileges. [This act was passed after the date of the charter, and the tax is a legal charge.] You are therefore instructed to find a verdict in favor of the Commonwealth for $685.73, the amount found due

[Jones, &c., Manufacturing Co. v. Commonwealth.]

by the department, with interest at the rate of twelve per cent. per annum, after two months from the date of settlement."

The verdict was for the Commonwealth for $735.92.

The defendants removed the case to the Supreme Court, and assigned for error the portions of the charge in brackets.

*Miller & Winston*, for plaintiffs in error, cited Commonwealth *v.* Ocean Oil Company, 9 P. F. Smith 61; Phœnix Iron Company *v.* Commonwealth, 9 Id. 108; Lehigh Crane Iron Company *v.* Commonwealth, 5 Id. 452.

*J. M. McClure* and *F. Carroll Brewster*, Attorney-General, for Commonwealth, cited Binghamton Bridge, 3 Wall. 51; Bank of Penna. *v.* Commonwealth, 7 Harris 144; Academy of Fine Arts *v.* Philadelphia, 10 Id. 497; Baltimore *v.* Railroad Co., 6 Gill 288; Morris and Essex Railroad *v.* Miller, 31 N. J. Law Rep. 521; State *v.* Jersey City, 2 Vroom 580; Commonwealth *v.* Fayette County Railroad Co., 5 P. F. Smith 452.

The opinion of the court was delivered, October 9th 1871, by

READ, J.—Dividends are not net earnings or income as used in the second section of the Act of 30th April 1864, P. L. 218, for individuals are included in the persons taxed, who neither pay nor declare dividends. A manufacturing company, not paying a tax to the state upon dividends under existing laws, pays a tax upon its annual net earnings or income, and this description includes the plaintiffs in error. The fourth section of their charter provides: "That the company shall pay into the treasury of the state a bonus of two and a half per cent. on the capital stock, hereby authorized, or any increase of the same, in three equal annual instalments, in lieu of any tax on dividends. Net earnings or income are the products of the business, deducting the expenses only," (Commonwealth *v.* Penn Gas Coal Co., 12 P. F. Smith 242); and the tax upon them is not a tax of dividends; and if it were, and if they were exempted by the fourth section as contended, still, under the decisions of this court in The Iron City Bank *v.* The City of Pittsburg, 1 Wright 340, and in The Commonwealth *v.* Fayette County Railroad Co., 5 P. F. Smith 452, it is impossible to hold that the tax is not a legal charge. The learned judge's charge is perfectly correct.

Judgment affirmed.